## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-02598-SCT

*KRISTOPHER SPENCER*

*v.*

*STATE FARM MUTUAL INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/10/2003 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | REID STUART BRUCE |
| | BARRY W. GILMER |
| ATTORNEYS FOR APPELLEE: | MICHAEL F. MYERS |
| | DENISE C. WESLEY |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | AFFIRMED - 01/20/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND RANDOLPH, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1.     Kristopher Spencer (Spencer) was injured when a Rottweiler bit him on the face while at a public park at the Ross Barnett Reservoir. The dog was owned by Jason Lindsley (Jason), but it was kept at the home of Jason's mother, Carolyn Lindsley (Carolyn). Jason had transported his dog to a public park in the back of his pickup truck. The dog was in the back of Jason's pickup truck when it lunged at Spencer. At the time of the incident, Jason's truck was

not insured. However, Carolyn maintained homeowner's insurance on her home. Carolyn's insurer denied liability. On May 20, 1998, Spencer filed suit against Jason and Carolyn in the Circuit Court of Madison County, Mississippi.[1]

¶2. After much litigation, the parties voluntarily agreed to submit the case to binding arbitration before the Honorable John B. Toney. The parties agreed to cap the maximum damages that could be awarded in arbitration at $50,000. An arbitration hearing was held on November 11, 1999. Arbitrator Toney found in Spencer's favor as to liability and awarded Spencer $43,500 in damages for medical expenses, doctor fees, pharmacy bills, permanent disfigurement, pain and suffering, mental anguish and loss of enjoyment of life.[2]

¶3. On March 3, 1999, Spencer also filed a separate suit against State Farm Mutual Insurance Company (State Farm) in the County Court of the First Judicial District of Hinds County, Mississippi. The suit contended that Spencer was entitled to receive the full policy limits of the uninsured motorist coverage afforded by his parents' State Farm insurance policy. Spencer's parents had in force two uninsured motorist insurance policies issued by State Farm in the amount of $10,000 each. Spencer contends that he was not made whole by the arbitration award because out of the proceeds he had to pay his attorney and his attorney's

---

[1]Jason died intestate on June 22, 1998. His estate was opened in the Chancery Court of Madison County, Mississippi. Steve Duncan, Chancery Clerk of Madison County, was appointed by the court to serve as the administrator of the Estate of Jason Patrick Lindsley, Deceased, for the limited purpose of substituting as the legal representative of the Estate, a party defendant in the civil action *Kristopher Spencer v. Jason Lindsley and Carolyn Lindsley*, Circuit Court of Madison County, Civil Action CI-98-0089.

[2]The record excerpt provided by Spencer is missing page 110, the second page of the arbitration decision that states the amount of the award and the damages. However, Spencer's brief contains the information as to the damages, and the Hinds County Court's final judgment and order states the amount of the arbitration award as $43,500.

expenses. That is, in the second suit Spencer seeks to recoup his litigation expenses incurred in the first suit against Jason and Carolyn.

¶4. On May 1, 2000, subsequent to the arbitration decision, State Farm filed its motion for summary judgment alleging (1) Spencer was seeking double recovery as he had recovered all sums that he was entitled to receive and (2) Spencer's injuries were not caused by an accident arising out of the operation, maintenance or "use" of an uninsured motor vehicle. Spencer states in his response to the motion for summary judgment that he had "incurred substantial litigation expenses prior to prevailing in his separate claims against the tort-feasors. Accordingly, until he recoups his litigation expenses, he has not been made whole and no double recovery exists."[3]

¶5. Hinds County Court Judge William R. Barnett entered summary judgment in favor of State Farm on the issue of further recovery. The court stated:

> The Court does find merit in State Farm's argument that the plaintiff's collection of $43,500.00 from Jason Lindsley and Carolyn Lindsley pursuant to an arbitration award in that amount precludes the plaintiff from any further recovery against State Farm, and the Court therefore finds that State Farm is entitled to summary judgment.

However, Judge Barnett found that genuine issues of a material fact precluded granting State Farm summary judgment on the issue of whether the circumstances constituted "use" of an uninsured motor vehicle.

---

[3]In his response to State Farm's motion for summary judgment, Spencer does not state the amount of his damages incurred from the dog bite, but he stated that his litigation costs were $1,828.10 and $17, 400 in attorney's fees for a total of $19,228.10. Spencer states that "until he receives the additional sum of Nineteen Thousand Two Hundred Twenty-Eight Dollars and Ten Cents ($19,228.10), he will not be made whole and will not double recover."

3

¶6.     Spencer filed his notice of appeal to the Circuit Court of the First Judicial District of Hinds County, Mississippi.   The Honorable Winston L. Kidd, Circuit Judge, heard the appeal. The circuit court's opinion and order stated:

> There were two (2) main grounds on which Appellee [State Farm] based it's [sic] Motion for Summary Judgment.  The first ground was that Appellant [Spencer] was precluded from any other damage recovery beyond that awarded in connection with the arbitration.   The second ground was based on the determination of the meaning of the word "use" in the foregoing phrase, "caused by an accident arising out of the operation, maintenance or use of an uninsured motor vehicle."
>
> The Court, after having made a thorough review of the record, and evaluating the information and documents in accordance with Rule 56 (c ), finds the Appellant is precluded from any recovery from Appellee based on the herein facts.  **The Court further finds that the issue of what constitutes the meaning of the word "use" is now a moot issue in regards to the herein case.**

(emphasis added).

¶7.     Spencer now appeals the judgment of the Circuit Court of the First Judicial District of Hinds County to this Court.   On appeal, Spencer argues that the circuit court erred in affirming the summary judgment which precluded Spencer from further recovery of uninsured motorist insurance coverage based on the arbitration award**.**   Spencer further contends that the judgment of the County Court of Hinds County that summary judgment on the issue of "use" is precluded due to the existence of genuine issues of material fact is correct.   However, State Farm contends that summary judgment on the issue of "use" of the motor vehicle should have been granted.

¶8.     We affirm the judgment of the trial court granting summary judgment on the issue of precluding further recovery to Spencer.   Therefore, since further recovery is precluded, the issue of "use" of an uninsured motor vehicle does not need to be considered by the Court.

4

# ANALYSIS

## I. Recovery

¶9.     Spencer argues that the trial court erred in precluding him from seeking further relief from State Farm under his parents' uninsured motorist insurance policies. In the Lindsley suit, Spencer voluntarily submitted to binding arbitration and received the full sum awarded by the arbitrator. The arbitrator determined that $43,500 would compensate Spencer for his injuries. Spencer claims that he was not made whole by the arbitration since he had to pay his attorney's fees and expenses. Spencer acknowledges in his brief "that the well settled law in this State precludes double recovery." However, he contends that until he recoups his attorney's fees and expenses, he has not been made whole. That is, Spencer seeks to be compensated his attorney's fees and expenses on top of his damages by pursuing uninsured motorist funds from State Farm.

¶10.     State Farm asserts that Spencer's arbitration award was completely satisfied in full, and Spencer was fully compensated for his damages. State Farm argues "that the $43,500 arbitration award and subsequent dismissal of Lindsley bars the plaintiff from obtaining a second adjudication of Lindsley's liability for the purpose of recovering another judgment for damages incurred in the same incident." State Farm also states Spencer voluntarily submitted to binding arbitration against Lindsley for his damages and voluntarily capped his potential arbitration recovery at $50,000, a fact not disclosed to the arbitrator.

¶11.     The circuit court determined that Spencer was precluded from further recovery and upheld the county court's decision to grant summary judgment in favor of State Farm. We agree.

5

¶12. In *Employers Mut. Cas. Co. v. Tompkins,* 490 So.2d 897, 902 (Miss. 1986), this Court considered whether a claimant could recover more from an uninsured motorist insurance carrier than the claimant was legally entitled to recover from the uninsured motorist. In *Tompkins,* the jury awarded the claimant $500 against the uninsured motorist carrier. *Id.* On appeal, this Court reversed the judgment finding that the verdict against the uninsured motorist carrier was excessive in the amount of $49,500. *Id.* The Court held that the uninsured motorist carrier's liability is limited to the liability of the uninsured motorist.

¶13. Here, the UM statute and the State Farm policy contain similar language. According to the insurance policy, State Farm's uninsured motorist coverage only comes into effect if Lindsley was unable to satisfy his liability for all sums that Spencer is **legally entitled to recover**. The insurance policy provides, "[w]e will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle*." (Emphasis added). That is not the situation at hand. Spencer's arbitration award set damages the amount that he was legally entitled to recover at $43,500. Spencer received full satisfaction of the $43,500 award. Therefore, Lindsley's liability was eliminated by the fully satisfied arbitration award, and Spencer received all that he was legally entitled to recover. To allow further recovery under the State Farm uninsured motorist coverage would result in double recovery for Spencer.

¶14. We find that the trial court did not err in granting summary judgment in favor of State Farm. Spencer was successful in receiving his arbitration award of $43,500 in damages for the injuries he received. The $43,500 award was fully satisfied. Spencer does not dispute this fact.

6

¶15.    Furthermore, this Court, in the absence of a contractual provision or statutory authority, has never approved an award of trial expenses and attorney's fees to a successful litigant. *Grisham v. Hinton,* 490 So.2d 1201, 1205 (Miss. 1986).

¶16.    Therefore, we find that Spencer's assignment of error is without merit.

## CONCLUSION

¶17.    For the foregoing reasons, the judgment of the Circuit Court of the First Judicial District of Hinds County is affirmed.

¶18.    **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR.  DIAZ, J., NOT PARTICIPATING.**